IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SHAKIERA DENISE DAVIS, a minor    )
by CHERYL DAVIS, her mother       )
and friend,                       )
                                  )
        Plaintiff,                )
                                  )    Civil Action No.  04-10016 NG
v.                                )
                                  )
UNITED STATES POSTAL SERVICE, )
                                  )
        Defendant.                )
_____ _ )

## DEFENDANT'S PRE-TRIAL MEMORANDUM ON APPLICABLE LAW

## NATURE OF THIS ACTION

This is a personal injury action brought by an individual who was injured, in

Brockton, Massachusetts, when her forehead came in contact with the mirror of a U.S.

Postal Service LLV truck that was moving slowly down Chatham Street.

The Defendant contends that there was no negligence on the part of its driver, that

the Defendant was not required to foresee the Plaintiff's conduct, and that the Plaintiff

was more than fifty percent negligent in her conduct at the time of the accident.

Moreover, with regard to damages, even if the Defendant is held to be held liable for the

Plaintiff's injury, the Plaintiff's medical injury was not serious, and Plaintiff had no

monetary damages other than the cost of appropriate treatment.

1

## THE APPLICABLE LAW OF NEGLIGENCE

The FTCA provides a "limited waiver of sovereign immunity which allows an injured party to sue the United States for torts" to the same extent a private person is liable to the claimant. Corte-Real v. United States, 949 F.2d 484, 485 (1st Cir. 1991); 28 U.S.C. § 1346(b). "The prerequisite for liability" under the FTCA is "negligent or wrongful act" committed by an employee of the United States. Santiago-Ramirez v. Secretary of the Department of Defense, 984 F.2d 16, 18 (1st Cir. 1993) (quoting 28 U.S.C. § 1346(b)). Where, as here, the plaintiff brings a claim"under section 1346(b) of the FTCA, a court must apply the 'law of the place' where the negligent act occurred." Soto v. United States, 11 F.2d 15, 17 (1st Cir. 1993); accord Rosario v. United States, 824 F. Supp. 268, 276-277 (D. Mass. 1993) (substantive law of the state wherein the injury occurred applies both to liability and damages). Massachusetts tort law applies to the Plaintiff's claims.

In order to prove a prima facie case of negligence under Massachusetts law, the Plaintiff must prove four elements of common law negligence: a legal duty owed by Defendant to Plaintiff, a breach of that duty, proximate or legal cause, and actual damage or injury. Jorgensen v. Mass. Port Authority, 905 F.2d 515, 522 (1st Cir. 1990); Daugherty v. Elmcrest, Inc., 853 F. Supp. 561, 562 (D. Mass. 1994); see also Bennett v. Eaglebrook Country Store, Inc., 408Mass. 355, 358, 557 N.E. 2d 1166, 1168 (1990).

The Plaintiff has the burden of establishing each essential element of her claim by a preponderance of the evidence. If the evidence is equally balanced as to any of the

essential elements of the plaintiff's claim, judgment is to go to the defendant.  See, Borelli

v. Top Value Enterprises, 356 Mass. 110, 113 (1969).  Deagle v. Great Atlantic & Pacific

Tea Co., 343 Mass. 263 (1961).

Negligence is the failure of a reasonable person, either by omission or by action, to

exercise that degree of care, vigilance and forethought which, in the discharge of the duty

then resting on him, the person of ordinary caution and prudence ought to exercise under

the particular circumstances to the plaintiff.  Altman v. Aronson, 231 Mass. 588, 591

(1919); Beaver v. Costin, 352 Mass. 624, 626 (1967).  The standard – reasonable care

under all of the circumstances – is a flexible one.  Fithian v. Reed, 204 F.3d 306, 308 (1st

Cir. 2000). See also, Payton v. Abbott Labs, 780 F.2d 147, 156 (1st Cir. 1985) ("the

Negligence may not be presumed from the mere fact that the accident occurred,

unless, through expert testimony or common knowledge, other causes are excluded.

Coyne v. John S. Tilley Co., Inc., 368 Mass. 230, 234, 331 N.E.2d 541, 545 (Mass. 1975).

In the case at bar, Plaintiff cannot carry her burden of proving that the postal truck

driver was negligent, because he drove down the street at a very slow rate of speed,

watching the teenagers in the road as he approached them, and allowing ample room

between his truck and them.  The sudden broad movement of the then-fifteen year old

Plaintiff, reversing direction and swinging into the path of the truck was not reasonably

foreseeable and, accordingly, the driver was not under legal obligation to avoid it.

**Proof of Causation**. The Plaintiff must also prove the existence of a causal

connection between the defendant's actions (or inactions) and the injury that he sustained.

Jorgensen v. Massachusetts Port Authority, 905 F.2d at 524.  See also, Payton v. Abbott Labs, 780 F.2d 147, 156 (1st Cir. 1985) ("the Plaintiff must prove that it is 'more likely than not that the conduct of the Defendant was a substantial factor in bringing about the harm'").  Embriano v. Grosnick, 892 F. Supp. 20, 22 n. 5 (D. Mass. 1995) (citing Jorgensen).  With respect to determining proximate cause, the Plaintiff must show that the Plaintiff's harm was foreseeable and that the probability of the risk was enough to require the defendant to guard against it.  Gonzalez v. Puerto Rico Electric Power Authority et al, 36 F. 3d 1089 (1st Cir. 1994).  ("While anything is possible, there must be a limit in a practical world to what conduct must reasonably be foreseen.").  Massachusetts law imposes a duty on a driver of a motor vehicle to exercise reasonable care in the operation of his vehicle.  DeGuio v. United States, 732 F. Supp. 1240, 1244 (D.Mass.), aff'd, 920 F.2d 102 (1st Cir. 1990).

Expert testimony is required to establish a causal connection between defendant's actions and the plaintiff's injury, unless the injuries alleged are obvious to a laymen. Moody v. Maine Central R.R., 823 F.2d 693, 695-96 (1st Cir. 1987) (quoting Keeton et al, The Law of Torts: "Where the conclusion [of causation] is not one within common knowledge, expert testimony may provide a sufficient basis for it, but in the absence of such testimony, it may not be drawn.");  Foley v. Kilbrick, 12 Mass. App. Ct. 382, 385, 425 N.E.2d 376, 378 (1981) (Where plaintiff's physical and psychological condition not a matter of common knowledge, proof must rest on expert testimony).   There is no requirement that causal connection between the extent of injury and negligence be shown

4

solely by expert testimony, but it cannot be left to conjecture. <u>McAuliffe v. Metcalfe</u>, 289 Mass. 67, 69, 425 N.E. 581 (1935).   This is especially true where the Plaintiff claims injuries of lengthy duration; <u>Weinberg v. Mass. Bay Transit Authority</u>, 348 Mass. 669, 671, 201 N.E. 2d 827 (1965); <u>see</u> <u>Capello v. Maresca</u>, 921 F. Supp. 84, 86 (D. Conn. 1995)(without the aid of expert testimony, a lay jury could not determine the seriousness or duration" of Plaintiff's subjective complaints); or where a component of Plaintiff's complaint is emotional distress. <u>Sullivan v. Boston Gas Co.</u>, 414 Mass. 129, 137-38, 605 N.E. 2d 805, 809 (1993) (Objective corroboration required for claim of emotional distress and expert testimony may be needed to make this showing); <u>Anderson v. W.R. Grace & Co.</u>, 628 F. Supp. 1219 (D. Mass.1986).  <u>See</u> <u>Moody v. Maine Central R.R.</u>, 823 F.2d at 696 (Must be expert evidence as to existence, nature, duration, and seriousness of mental conditions alleged to have been caused by defendant).

In this case, Plaintiff will be able to establish that she suffered a laceration on her forehead, since this injury was conterminous with the incident and is undisputed.  She may or may not be able to establish that she suffered very short-term soft tissue injury of the back.  However, without expert testimony, she will be unable to establish lasting damage because such damage is not at all obvious and is contrary to the testimony of Defendant's expert, Dr. Gerald Winkler.   Moreover, she will be unable to establish "mental anguish and severe emotional distress." <u>See</u> Complaint § 6.

**Contributory Negligence.**  Massachusetts Gen. L. Ch. 231, § 85, governs the application of comparative fault principles to the Plaintiff's negligence claim.  It provides,

> Contributory negligence shall not bar recovery in any action by any person
> or legal representative to recover damages for negligence resulting in . . .
> injury to person or property, if such negligence was not greater than the
> total amount of negligence attributable to the person or persons against
> whom recovery is sought, but any damages allowed shall be diminished in
> proportion to the amount of negligence attributable to the person for whose
> injury, damage or death recovery is made.

The burden is on the United States to establish the negligence of Plaintiff, by a

preponderance of the evidence.  If the Defendant and the Plaintiff are both held to have

been negligent, the Court is to allocate the percentage of negligence of each that

contributed to the accident. If the Plaintiff is more than fifty percent negligent, she cannot

recover under her claim.  Rolanti v. Boston Edison Corp., 33 Mass. App. Ct. 516, 531-32,

603 N.E.2d 211 (1992); Embriano v. Grosnick, 892 F. Supp. 20, 22 n. 5 (D. Mass. 1995)

(citing Jorgensen).  Where plaintiff walked without looking into the side of a passing

vehicle, it has been held that the driver was not negligent as a matter of law due to

contributory negligence.   See Zarillo v. Murphy, 311 Mass. 493, 495; 42 N.E. 2d 1

(1942) (Sixteen year old pedestrian); Murphy v. Boston Elevated Railway, 262 Mass.

485, 489, 160 N.E. 265 (1928).  See also,  Engel v. Checker Taxi Co., 275 Mass. 471,

476, 176 N.E.179 (1931) (Where pedestrian walked without looking into the side of a

passing car, no evidence of driver's negligence).

While the law imposes a duty upon a driver to take precautions in approaching

children, Woods v. O'Neil, 54 Mass. App. 768, 773-774, 767 N.E.2d 1119 (2002), the

contributory negligence of children is a matter for the determination by the fact finder,

based on the facts of the case, including the age of the children.  See McDonald v.

Consolidated Rail Corp., 399 Mass. 25, 28, 502 N.E.2d 521, 524 (1987)(Sixteen year old capable of appreciating his own peril); Hennessey v. Boston Elevated Rwy., 211 Mass. 524, 525, 928 N.E. 578 (1912) (Question of fact whether plaintiff exercised such care as would be expected of a child his age and whether he should have looked again for the car).

In this case, the USPS driver observed the teenagers walking in the right hand traffic lane in the same direction that he was, he approached them very slowly, and moved well to the left of their path.  Plaintiff was old enough to take precautions with respect to her personal safety while walking on a trafficked road, and her sudden swirl to the left, changing her direction 180 degrees and into the postal truck mirror was contributory negligence such that the driver could not be held liable.

## THE CHIROPRACTOR OPINION LETTER IS INADMISSIBLE

The Defendant seeks an order in limine excluding the May 20, 2003, unsigned letter from Gregory P. Perron, D.C. ("Perron") to Plaintiff's counsel, Albert Grady, when Perron will not appear as a witness at trial.  The letter purports to show Perron's opinions regarding diagnosis and causation of Plaintiff's injuries, as well as speculation on future medical symptoms that Plaintiff may experience from the accident.  Plaintiff does not intend to call Perron as a witness at trial.

Perron's letter is an out-of-court statement offered to prove the truth of the matter asserted, i.e. that Plaintiff's alleged back and neck injuries were caused by Plaintiff's

collision with the postal truck and Plaintiff may suffer future symptoms.  It is hearsay

under Rule 801, Federal Rules of Evidence, and is therefore barred unless it falls within

an exception to the hearsay rule.  Perron's letter does not fall within the hearsay exception

set forth in Rule 803(4), which allows statements made for purposes of medical diagnosis

or treatment, or Rule 803(6), which allows admission of records of regularly conducted

activity.

      Rule 803(4) allows the admission of "[s]tatements made for purposes of medical

diagnosis or treatment and describing medical history, or past or present symptoms, pain,

or sensations, or the inception or general character of the cause or external source thereof

insofar as reasonably pertinent to diagnosis or treatment." To be admissible under Rule

803(4), the out-of-court statements must meet three requirements:

> (1) the statements must be made for purposes of diagnosis or treatment (2)
> about (i) medical history (ii) or past or present symptoms, pain, or
> sensations or (iii) about the inception or general character of the cause or
> external source thereof (3) insofar as they are reasonably pertinent to
> diagnosis or treatment.

Bucci v. Essex Insurance Company, _ F.3d _, (1st Cir., January 5, 2005).  Perron's letter

meets none of these requirements. Instead, Perron's letter merely expressed his views to

Plaintiff's then-counsel regarding his opinion of the case. It was not made for the purpose

of diagnosis or treatment of Plaintiff's alleged injuries.

      Nor is Perron's letter admissible under Rule 803(6), which excepts records "kept

in the course of a regularly conducted business activity... as shown by the testimony of

the custodian or other qualified witness, or by certification that complies with Rule

902(11), Rule 902(12), or a statute permitting certification, unless the source of

information or the method or circumstances of preparation indicate lack of

trustworthiness."  Preparing an opinion letter for an attorney for evaluation of litigation is

not the ordinary course of business of a chiropractor.   And the letter is untrustworthy

because it was prepared for litigation purposes and not for diagnosis and treatment of

Plaintiff.  Moreover, there is no indication that the letter is even final, since it is not

signed and does not appear on Perron's letterhead.

In Bruneau v. Borden, 644 F. Supp. 894 (D.Conn. 1986), the court granted the

defendant's motion in limine to exclude a letter by a non-testifying physician who

examined the plaintiffs and then conveyed his diagnosis and findings to the plaintiff's

former attorney. Id. at 895. The facts are virtually identical to the case at bar.  In the

letter, the physician expressed his opinion that certain health problems had been caused

by exposure to foam insulation, which was the subject of the action. Id.  In excluding the

physician's letter, the court stated:

> . . . [I]t is outside the field of medical concern for plaintiffs' diagnosis
> and/or treatment whether legal causation is established between the
> exposure and the physical condition. Having expressed a legal opinion on
> causation, there is a serious question as to whether the rule was intended to
> cover opinions given in relation to litigation. If that were the intention, all a
> party need do is consult an expert, obtain a written opinion and an assertion
> that in written form it was within Rule 803(6), and the writing could come
> into evidence. The troublesome aspect of such a procedure is that it is
> totally unfair to an opposing party adversely affected by the opinion. Such
> would have no opportunity to cross-examine the expert on: his/her

qualifications; the facts on which the opinion was based; the reasoning behind the opinion; and alternative theories, reasons, and facts.

Id. 896. (Footnote omitted.)

See also, Commonwealth v. Roman, 414 Mass. 235, 236-37, 606 N.E. 2d 1333

(1993) (Letter of non-witness physician as to diagnosis of mental condition

excludable as hearsay).

Accordingly, Perron's litigation opinion letter is inadmissible because Perrone

is not a witness in this case and he cannot be cross-examined on its contents.


## THE TESTIMONY OF KELLY DAGGETT IS INADMISSIBLE

Plaintiff intends to call Kelly Daggett as a trial witness.  Ms. Daggett was

listed in Plaintiff's Answers to Interrogatories as a person who was with or near

Plaintiff at the time of the accident.   Pursuant to Rule 45, Federal Rules of Civil

Procedure, Defendant served a subpoena for the deposition of Ms. Daggett on

September 28, 2004.[1]  Ms. Daggett did not appear at the place, date, and time of

the deposition or at any time thereafter.[2]  Ms. Daggett proffered no excuse or

explanation for her failure to comply with the subpoena, and, indeed, failed to

---

[1]   The subpoena was served upon Ms. Daggett by a constable who left it at Ms. Daggett's home address in the hands of Kathy Daggett.  Later, counsel for Defendant sent Ms. Daggett a letter regarding her absence at the deposition, and requested that she contact counsel for a date and time convenient to her.  She did not respond.

[2]   Counsel for Plaintiff was present at the office of Defendant's counsel when Ms. Daggett's deposition was scheduled and she failed to appear.

communicate at all with Defendant's counsel.  Accordingly, Defendant has had no

opportunity to examine Ms. Daggett regarding her testimony at trial, Defendant

has been substantially prejudiced in its preparation for trial, and Defendant

requests an order excluding Ms. Daggett as a witness.

For these reasons, Defendant seeks an order in limine excluding Ms.

Daggett as a witness at trial.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney


 /s/ Anita Johnson
ANITA JOHNSON
Assistant U.S. Attorney
Suite 9200, Moakley U.S. Courthouse
One Courthouse Way
Boston, Mass. 02210
(617) 748-3266


Certificate of Service

I hereby certify that I have served the foregoing upon counsel for Plaintiff,
Michael P. Johnson, 226 Montello St., Brockton, Mass. 02301, by facsimile
transmission on this 14th day of January, 2005.


 /s/Anita Johnson


11