UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SHAKEIRA DENISE DAVIS, ppa
CHERYL DAVIS, by her mother and next friend
　　　　　　　Plaintiff

v.　　　　　　　　　　　　　　　　　　　　　C.A. NO. 04-10016-NG

UNITED STATES POSTAL SERVICE,
　　　　　　　Defendant

## PLAINTIFF'S BRIEF OF ELEMENTS

### APPLICATION OF STATE LAW

1.　Actions under Federal Tort Claims Act are governed by substantive law of the state which is site of alleged wrongful conduct. Leigh v. United States, 586 F2d 121 (C.A. 9th 1978).

2.　Damages in tort claim under Federal Tort Claims Act are determined in accordance with the law of state in which injury occurred. United States v. Brooks, 176 F.2d 482 (C.A. 4th 1949). Components and measures of damages in Federal Tort Claims Act cases are taken from law of state where tort occurred. Mooney v. United States, 619 F. Supp. 1525 (NH 1985).

### RULES OF THE ROAD

1.　"Upon approaching a pedestrian who is upon the traveled part of any way and not upon a sidewalk, every person operating a motor vehicle shall slow down." M.G.L. c. 90, § 14. *See also* Reese v. McGinn Bus Company, Inc., 6 Mass. App. Ct. 916 (1978)(Negligence found where bus driver failed to take into account propensity of children for acting impulsively, and thus failed to slow bus or warn child of bus's approach by sounding horn); Clouatre v. Lees; 321 Mass. 679 (1947)(Expected presence of school children coming out of driveway into street required motorist approaching driveway to exercise high degree of care).

2.　Pedestrian on roadway is entitled to rely to some extent on the assumption that motorist would see her and slow down in compliance with M.G.L. c. 90, § 14 and that he would in other respects exercise proper care in operating the automobile. Ferguson v. Worth, 326 Mass. 336 (1950).

3.　Pedestrian in roadway could rely to some extent on expectation that overtaking motorist would use the unoccupied part of the traveled way and avoid striking him. Sadak v. Tucker, 310 Mass. 153 (1941).

4. Pedestrian in roadway has right to rely to some extent on expectation that motor vehicle approaching him will slow down and give timely signal. <u>Legg v. Bloom</u>, 282 Mass. 303 (1933); <u>Gauthier v. Quick</u>, 250 Mass. 258 (1924).

5. "<u>Sound Horn When Necessary</u> – The driver of a vehicle shall give an audible warning with his horn or other suitable device whenever necessary to insure safe operation." 720 C.M.R. 9.06(15).

6. "<u>Operators to Exercise Due Care</u> The provisions of 720 CMR 9.09 shall in now way abrogate the provisions of M.G.L. c. 90, §§ 14 and 14A which provide: 'Precautions for Safety of other Travelers' and for the "Protection of Blind Persons Crossing Ways', Furthermore, notwithstanding the provisions of 720 CMR 9.00 every operator of a motor vehicle shall exercise due care to avoid colliding with any pedestrian upon the roadway and shall give warning by sounding the horn when necessary and shall exercise proper precautions which may become necessary for safe operation." 720 CMR 9.06(28).

7. Violation of safety statute, ordinance, or regulation applicable to the defendant and one of the things the statute, ordinance or regulation was designed to prevent was the eventual occurrence, is evidence of negligence. It is not necessary that the defendant has been charged with or convicted of a violation. It is sufficient that the trier of fact determine that the defendant was supposed to comply with the statute, ordinance or regulation and did not.   However, a violation is not necessary to determine negligence. <u>Perry v. Medeiros</u>, 369 Mass. 836 (1976); *see also* Massachusetts Superior Court Civil Practice Jury Instructions (MCLE, Inc. 1998 & Supp. 2001, 2003).

## CONDUCT OF MINOR PLAINTIFF

1. "The burden of alleging and proving negligence which serves to diminish plaintiff's damages or bars recovery under this section shall be upon the person who seeks to establish such negligence, and the plaintiff shall be presumed to have been in the exercise of due care. M.G.L. c. 231, § 85.

2. Conduct of child must be measured must not be measured by that of an adult, but of an ordinary prudent child of same age. <u>Rasmussen v. Whipple</u>, 211 Mass. 546 (1912).  Child's conduct must be measured against standard of behavior of a child of like experience, age, intelligence and emotional being. <u>Mathis v. Massachusetts Electric Co.</u>, 409 Mass. 256 (1991).

## DEFENDANT'S POST ACCIDENT CONDUCT AS SHOWING CONCSCIOUSNESS OF LIABILITY

1. A defendant's post accident conduct can be considered as showing consciousness of liability. <u>Hall v. Shain</u>, 291 Mass. 506 (1935); <u>Olofson v. Kilgallon</u>, 362 Mass. 803 (1973)(defendant left scene of accident); <u>Parsons v. Ryan</u>, 340 Mass. 245, 249-250 (1960).

## VICARIOUS LIABILITY/RESPONDEAT SUPERIOR

1.  Scope of employment issue in Federal Tort Claims Act cases is decided by law of place where act or omission occurred. Daniels v. United States, 470 F. Supp. 64 (ED NC 1979); Merritt v. United States, 332 F.2d 397 (C.A. 1st 1964).

2.  Respondeat superior is the proposition that an employer, or master, should be held vicariously liable for the torts of its employee, or servant, committed within the scope of employment. Dias v. Brigham Medical Associates, Inc., 438 Mass. 317, 319-320 (2002).

3.  The factors relevant to a determination of whether an employee was within the scope of employment so as to justify the imposition of vicarious liability on his employer for her tortious conduct are as follows:

>   First, was the conduct of the kind he is employed to
>
>   perform?
>
>   Second, did it occur substantially within the authorized
>
>   time and space limits?
>
>   and
>
>   Third, was it motivated, at least in part, by a purpose to
>
>   serve the employer?

Burroughs v. Commonwealth, 423 Mass. 874, 877 (1996), citing Wang Lab., Inc. v. Business Incentives, Inc., 398 Mass. 854, 859 (1986).

## DAMAGES

1.  Pain and Suffering – Pain and suffering are of two types: physical pain and suffering and mental pain and suffering. Physical pain and suffering take into account the area of the body in which the plaintiff was injured. This includes past pain and suffering endured by the plaintiff since the date of the injuries, the present pain and suffering caused by the injuries, and any future pain and suffering which were proved with reasonable medical certainty. Mental pain and suffering includes any and all nervous shock, anxiety, embarrassment, or mental anguish resulting from the injury, including past, present and probable future mental suffering. The damages include the extent to which the plaintiff's injuries have caused her a loss of pleasures, which she otherwise probably would have had in the form of work and play or family life or whatever. The plaintiff is entitled to full compensation for any reduction in the enjoyment of life, which you conclude, has resulted or probably will result

from this accident. Damages also include for a fair, reasonable sum for any permanent condition caused or resulting to the plaintiff as a result of defendant's wrong. This includes any permanent marks or permanent loss of bodily function. <u>Rodgers v. Boynton</u>, 315 Mass. 279 (1943); *see also* Massachusetts Superior Court Civil Practice Jury Instructions (MCLE, Inc. 1998 & Supp. 2001, 2003).

2.   Medical Expenses – The plaintiff may be compensated for medical expenses which were reasonable in amount and which were reasonably necessary. The plaintiff is entitled to recover whatever expenses she proves are reasonably required to diagnose and treat any condition brought on by the accident or the resulting injuries. The plaintiff is entitled to recover the reasonable costs of cure, alleviation of suffering or limitation, and control of disability related to the accident. <u>Rodgers v. Boynton</u>, 315 Mass. 279 (1943); *see also* Massachusetts Superior Court Civil Practice Jury Instructions (MCLE, Inc. 1998 & Supp. 2001, 2003).

3.   Loss of Earning Capacity – Whether we are employed, are retired, or never worked in our lives, each of us has the ability to earn money, which is called an earning capacity. The ability to earn money varies from individual to individual depending on a number of factors. Such factors may include evidence of earning before and after the injury, occupation, education, capacity training, experience, health, habits, talents that a person has, skills that a person has, intelligence and industry. If a person injures another through negligence and the injured person cannot exercise their ability for a certain period of time and that earning capacity is affected, then it is an element of damages. Consideration can be given to what the plaintiff did until her accident, what the plaintiff's interests were, what the plaintiff's training and experience had been, what the plaintiff's talents were, and generally what she was like in order to help determine her capacity to earn since the accident and into the future. An award must be based on reasonable probability. <u>Griffin v. Gen Motors Corp.</u>, 380 Mass. 362, 366 (1980); <u>Doherty v. Ruiz</u>, 302 Mass. 145, 147 (1939); *see also* Massachusetts Superior Court Civil Practice Jury Instructions (MCLE, Inc. 1998 & Supp. 2001, 2003).

RESPECTFULLY SUBMITTED,
PLAINTIFF,
BY HER ATTORNEY,

Michael P. Johnson, BBO 641827
Office of Albert E. Grady
226 Montello Street
Brockton, MA 02301
(508) 583-8562