UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SHAKEIRA DENISE DAVIS, ppa
CHERYL DAVIS, by her mother and next friend
    Plaintiff

v.

                                    C.A. NO. 04-10016-NG

UNITED STATES POSTAL SERVICE,
    Defendant

## PLAINTIFF'S ADDITIONAL BRIEF ON ELELMENTS

### DAMAGES (Continued)

4.     Massachusetts General Laws, chapter 231, § 6D, entitled *"Damages for pain and suffering in tort actions arising out of operation, etc., of motor vehicles; restrictions"* states, "In any action of tort brought as a result of bodily injury, sickness or disease, arising out of the ownership, operation, maintenance or use of a motor vehicle within this commonwealth by the defendant, a plaintiff may recover damages for pain and suffering, including mental suffering associated with such injury, sickness or disease, only if the reasonable and necessary expenses incurred in treating such injury, sickness or disease for necessary medical, surgical, x-ray and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral expenses are determined to be in excess of two thousand dollars unless such injury, sickness or disease (1) causes death, or (2) consists in whole or in part of loss of body member, or (3) consists in whole or in part of permanent serious disfigurement, or (4) results in such loss of sight or hearing as described in paragraphs (a), (b), (c), (d), (e), (f) and (g) of section thirty-six of chapter one hundred and fifty-two or (5) consists of a fracture."

5.     Massachusetts General Laws, chapter 231, § 6H, entitled *"Interest on Damages"* states, "In any action in which damages are awarded, but in which interest on said damages is not otherwise provided by law, there shall be added by the clerk of court to the amount of damages interest thereon at the rate provided by section six B [12%] to be determined from the date of the

commencement of the action even though such interest brings the amount of the verdict or finding beyond the maximum liability imposed by law."

          PLAINTIFF,
          BY HER ATTORNEY,

          _____
          Michael P. Johnson, BBO 641827
          Office of Albert E. Grady
          226 Montello Street
          Brockton, MA 02301
          (508) 583-8562

**231 § 6**                                               **PLEADING AND PRACTICE**

Joinder of claims and remedies, see Rodman, 10A Massachusetts Practice § 4431 et seq.

Joinder of parties, see Rodman, 10A Massachusetts Practice § 4451 et seq.

**Forms.**

Captions and names of parties, see Rodman, 10 Massachusetts Practice § 453.

Parties and their claims, see Rodman, 10A Massachusetts Practice § 2702.

**Texts and Treatises**

Trial Handbook for Massachusetts Lawyers (3rd Ed.) §§ 38:4, 38:5.

### Notes of Decisions

In general 1

---

**1. In general**

A purchaser from the devisee of a complainant, after the death of the complainant in the landlord and tenant process, could under St.1826, c. 70, come in and prosecute, etc. Sacket v. Wheaton (1835) 34 Mass. 103, 17 Pick. 103.

## § 6A. Repealed by St.1975, c. 377, § 75

### Historical and Statutory Notes

St.1975, c. 377, § 75, repealing this section, was approved June 30, 1975, and by § 164 made effective July 1, 1975.

St.1975, c. 377, conformed the General Laws to the Massachusetts Rules of Civil Procedure governing the District Courts and the Municipal Court of Boston, also effective July 1, 1975.

The repealed section, derived from St.1939, c. 372, § 1 and St.1973, c. 1114, § 154, related to claims for medical expenses by husband of married woman or parent or guardian of minor in personal injury actions by married women or minors.

### DAMAGES, INTEREST, COSTS AND EXPENSES

*Caption editorially supplied*

### Library References

**Comments.**

Costs, see Smith and Zobel, 8 Massachusetts Practice § 54.10; Nolan, 9A Massachusetts Practice § 1010.

## § 6B. Interest added to damages in tort actions

In any action in which a verdict is rendered or a finding made or an order for judgment made for pecuniary damages for personal injuries to the plaintiff or for consequential damages, or for damage to property, there shall be added by the clerk of court to the amount of damages interest thereon at the rate of twelve per cent per annum from the date of commencement of the action even though such interest brings the amount of the verdict or finding beyond the maximum liability imposed by law.

Added by St.1946, c. 212, § 1. Amended by St.1951, c. 244; St.1960, c. 298, § 3; St.1973, c. 1114, § 155; St.1974, c. 224, § 1; St.1980, c. 322, § 2; St.1982, c. 183, § 2.

10

**231 § 6C**
Note 25

**25. Review**

After Supreme Judicial Court on its own initiative transferred appeal from Appeals Court, judgment debtor could not raise issue concerning calculation of postjudgment interest; that point was apparent on face of judgment and could thus have been raised, but was not, on judgment debtor's appeal to Appeals Court. City Coal Co. of Springfield, Inc. v. Noonan (1997) 677 N.E.2d 1141, 424 Mass. 693.

Where neither computation of interest nor sufficiency of notice of demand for reimbursement of pension for purposes of accrual of interest was presented to trial court in action by first town against second town seeking reimbursement for portion of pension paid by first town under Veterans' Retirement Act (c. 32, § 56 et seq.), neither computation nor notice issue would be considered on appeal. Town of Lexington v. Town of Bedford (1979) 393 N.E.2d 321, 378 Mass. 562.

## § 6D. Damages for pain and suffering in tort actions arising out of operation, etc., of motor vehicles; restrictions

In any action of tort brought as a result of bodily injury, sickness or disease, arising out of the ownership, operation, maintenance or use of a motor vehicle within this commonwealth by the defendant, a plaintiff may recover damages for pain and suffering, including mental suffering associated with such injury, sickness or disease, only if the reasonable and necessary expenses incurred in treating such injury, sickness or disease for necessary medical, surgical, x-ray and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral expenses are determined to be in excess of two thousand dollars unless such injury, sickness or disease (1) causes death, or (2) consists in whole or in part of loss of a body member, or (3) consists in whole or in part of permanent and serious disfigurement, or (4) results in such loss of sight or hearing as is described in paragraphs (a), (b), (c), (d), (e), (f) and (g) of section thirty-six of chapter one hundred and fifty-two or (5) consists of a fracture.

Added by St.1970, c. 670, § 5. Amended by St.1988, c. 273, § 55.

### Historical and Statutory Notes

St. 1970, c. 670, § 5, was approved Aug. 13, 1970, and by § 10, as amended by St. 1970, c. 744, § 2, made effective Jan. 1, 1971.

St.1988, c. 273, § 55, an emergency act, approved Nov. 5, 1988, and by § 77 made effective for causes of action arising on or after Jan. 1, 1989, substituted "two thousand" for "five hundred".

Sections 72 and 74 of St.1988, c. 273, provide:

"Section 72. Each year after nineteen hundred and ninety, the commissioner of insurance shall prepare a report on the effectiveness and adequacy of the tort threshold, so called, provided in section six D of chapter two hundred and thirty-one of the General Laws, and of the personal injury protection benefit provided in section thirty-four A of chapter ninety. Such report shall include, without limitation, a calculation of the affect of inflation on the tort threshold and personal injury protection benefit, the degree to which such threshold has or has not deterred or prevented minor motor vehicle personal injury claims from generating lawsuits, and whether such deterrence or prevention continues to be effective. The commissioner shall also include in said report his recommendations for any changes in or update of the laws applicable to the tort threshold and personal injury protection benefit. He shall file such report with the clerk of the house, the clerk of the senate, the joint committee on insurance and the house and senate committees on ways and means, no later than the first of September of each such year."

"Section 74. Each year after nineteen hundred and ninety, the commissioner of insurance shall prepare a report on the effectiveness and adequacy of the tort threshold, so called, provided in section six D of chapter two hundred and thirty-one of the General Laws, and of the personal injury protection benefit provided in section thirty-four A of chapter ninety of the General Laws. Such report shall include, without limitation, a calculation of the affect of inflation on the tort threshold and personal injury protection benefit, the degree to which such threshold has or has not deterred or prevented minor

28

Katz v. Savitsky (1980) 413 N.E.2d 354, 10 Mass.App.Ct. 792.

Plaintiff's appeal to panel of justices of Appeals Court from order of single justice awarding counsel fees and expenses to defendant on review of denial of such motion by Superior Court which was claimed within 30 days was properly before Appeals Court. Katz v. Savitsky (1980) 413 N.E.2d 354, 10 Mass.App.Ct. 792.

## § 6H. Interest on damages

In any action in which damages are awarded, but in which interest on said damages is not otherwise provided by law, there shall be added by the clerk of court to the amount of damages interest thereon at the rate provided by section six B to be determined from the date of commencement of the action even though such interest brings the amount of the verdict or finding beyond the maximum liability imposed by law.

Added by St.1983, c. 652, § 1.

### Historical and Statutory Notes

St.1983, c. 652, § 1, was approved Dec. 20, 1983, and by § 3 made applicable to all actions commenced on or after the effective date of the act.

### Library References

Interest ⚖ 31, 38.
WESTLAW Topic No. 219.
C.J.S. Interest and Usury; Consumer Credit §§ 37, 41.

**Comments.**
Actions based upon contracts, interest added to damages, see Bishop, 17 Massachusetts Practice § 2.22 (4th ed.).
Interest as part of damages, see Flanagan, 43 Massachusetts Practice § 292.

Postjudgment interest on damages, see Bishop, 17 Massachusetts Practice § 8.4 (4th ed.).

**Texts and Treatises**

Shapiro, Perlin and Connors, Massachusetts Collection Law 2d Ed, § 7:25.
Trial Handbook for Massachusetts Lawyers (3rd Ed.) § 38:6.

### United States Supreme Court

Prejudgment interest in Federal Employers' Liability Act suits, see Monessen Southwestern Ry. Co. v. Morgan, U.S.Pa.1988, 108 S.Ct. 1837, 486 U.S. 330, 100 L.Ed.2d 349, on remand 544 A.2d 958, 518 Pa. 553.

### Notes of Decisions

In general 1
Arbitration 8
Construction and application 2
Law governing 3
Purpose of law 4
Quantum meruit award 6
Rate of interest 5
Unfair competition claims 7

---

**1. In general**

Trial court did not err by awarding prejudgment interest on funds misappropriated by corporate officer, based on market rate, as determined by auction price of 52-week United States treasury bills, rather than statutory rate provided under Massachusetts law; use of statutory rate would have provided windfall for corporation, contrary to concept that interest was to be awarded to insure that party was fully compensated for injuries. Boston Children's Heart Foundation, Inc. v. Nadal-Ginard, C.A.1 (Mass.)1996, 73 F.3d 429.

In action brought by decedent's son to require decedent's grandson to turn over to estate the proceeds of bank accounts which decedent had held jointly with grandson, grandson was required, upon trial judge's finding that he committed fraud affecting decedent's actions concerning the bank accounts, to pay prejudgment interest on amount of one-half of the sum of the three accounts to which estate was entitled; but for grandson's acts of fraud, the three accounts would have been included in residue of decedent's estate, and residue was to be shared